**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

John Doe 174,        Civil No. 11-1489 (DWF/JJG)

       Plaintiff,

v.        **MEMORANDUM
OPINION AND ORDER**

The Order of St. Benedict
a/k/a and d/b/a St. John's Abbey,

       Defendant.

---

Jeffrey R. Anderson, Esq., and Patrick W. Noaker, Esq., Jeff Anderson & Associates, P.A., counsel for Plaintiff.

Michael A. Airdo, Esq., Kopon Airdo, LLC, and Michael J. Ford, Esq., Quinlivan & Hughes, PA, counsel for Defendant.

---

# INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. No. 10). For the reasons set forth below, the Court grants Defendant's motion.

# BACKGROUND

Defendant the Order of St. Benedict a/k/a and d/b/a St. John's Abbey ("the Abbey") is a religious institution affiliated with the Roman Catholic Church and conducts business from the State of Minnesota. (Doc. No. 1, Compl. ¶ 2.) The Abbey employed Abbot Timothy Kelly, who was ordained a priest in 1961. (Compl. ¶¶ 15-16.) Plaintiff John Doe 174 met Abbot Kelly in approximately 1968, when Plaintiff was seventeen

years old. (Doc. No. 18, Pl. Decl. ¶ 5.)[1] Plaintiff met Abbot Kelly while Plaintiff attended St. Anselm's Church in Bronx, New York. (Compl. ¶ 4.) Plaintiff claims that Abbot Kelly sexually abused him from 1968 to 1970. (Compl. ¶ 8; Pl. Decl. ¶ 7.) Consequently, Plaintiff alleges one count of negligence and one count of negligent supervision against the Abbey. (Compl. ¶¶ 142, 148.)

Plaintiff claims that the Abbey was negligent by breaching its duties to protect and care for him as a minor and negligent in its supervision of Abbot Kelly while Abbot Kelly was employed by the Abbey. (Compl. ¶¶ 133-148.) Plaintiff further asserts that the Abbey has engaged in "a pattern and practice of fraudulent conduct in order to conceal the criminal and harmful acts of its agents and employees." (Compl. ¶ 31.) In support of the alleged fraudulent concealment, Plaintiff pleads facts relating to several instances in which the Abbey was made aware of, and took steps to conceal, the sexual misconduct of twelve of its priests. (Compl. ¶¶ 32-132.)[2] Plaintiff claims that, due to this pattern and practice, Plaintiff was unable to discover the concealment until October 2010. (Compl. ¶ 147; Pl. Decl. ¶ 14.)

---

[1] In his opposition brief, Plaintiff notes that the time period of the alleged abuse listed in the Complaint as 1966 through 1967 is inaccurate. Plaintiff's declaration provides the Court with a corrected time period, stating that the abuse occurred between 1968 and 1970, beginning when Plaintiff was seventeen years old. (Pl. Decl. ¶ 5.) Plaintiff has represented that he is willing to amend his Complaint to correct the error. The Complaint further states that Plaintiff was unable to discover the alleged fraud until 2011, while his declaration makes clear that he discovered the fraud in October 2010. (*Id.* ¶¶ 12, 14.) The Court notes that, for purposes of the present motion, the discrepancies are immaterial.

[2] None of the allegations of previous conduct, however, mention any abuse by Abbot Kelly. (*See* Compl. ¶¶ 32-132.)

## DISCUSSION

**I.      Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. Additionally, a motion to dismiss may be granted when a plaintiff's

3

claims are barred by the applicable statute of limitations. Fed. R. Civ. P. 12; *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).

## II. Statute of Limitations

The Court applies the law of the State of Minnesota to this case. *See Van Dusen v. Barrack*, 376 U.S. 612, 821 (1964). The Minnesota Legislature has enacted what is commonly called the "delayed discovery" statute in recognition of the unique nature of injuries caused by sexual abuse.[3] *See D.M.S. v. Barber*, 645 N.W.2d 383, 387 (Minn. 2002). The delayed discovery statute requires a claim based upon "personal injury caused by sexual abuse" to be brought "within six years of the time the plaintiff knew or had reason to know that the injury was caused by the sexual abuse." *See* Minn. Stat. § 541.073, subd. 2(a). The delayed discovery statute applies to anyone who brings a claim for injuries caused by a person who either "(1) committ[ed] sexual abuse against the plaintiff, or (2) negligently permit[ted] sexual abuse against the plaintiff to occur." Minn. Stat. § 541.073, subd. 3. Pursuant to section 541.073, "as a matter of law one is 'injured' if one is sexually abused," and the "ultimate question" under the delayed discovery statute is "the time at which the complainant knew or should have known that he/she was sexually abused." *Blackowiak v. Kemp*, 546 N.W.2d 1, 3 (Minn. 1996).

If a plaintiff is under the age of eighteen when his cause of action accrues, the running of the period of limitation is suspended until he reaches the age of majority. *See*

---

[3] The Abbey does not concede that the statute of limitations enacted in 1989 and currently in force applies to the present case. *See* Minn. Stat. § 541.073, subd. 2(a). The Abbey contends, however, that regardless of the applicable statutory limitation period, Plaintiff's claims are barred. *See* Minn. Stat. § 541.07(1) (1966) (effective July 1, 1966 to April 5, 1978).

Minn. Stat. § 541.15(a)(1); Minn. Stat. § 541.073, subd. 2(d).  The underlying rationale for the delayed discovery statute recognizes that "many sexual abuse victims, especially young children, are psychologically and emotionally unable to recognize that they have been abused."  *W.J.L. v. Bugge*, 573 N.W.2d 677, 680 (Minn. 1998).  Therefore, in claims arising from childhood sexual abuse, the six-year period of limitation does not begin to run until the victim reaches the age of majority.  Minn. Stat. § 541.073, subd. 2(d); Minn. Stat. § 541.15(a)(1); *D.M.S.*, 645 N.W.2d at 389; *Blackowiak*, 546 N.W.2d at 3.

Plaintiff does not contend that he had suppressed any memories of the abuse or that he only recently became aware that it had occurred.  Rather, Plaintiff maintains that he always recalled the abuse but only realized the causal connection between the Abbey's employment of Abbott Kelly and his injuries in October 2010.  For this reason, Plaintiff urges the Court to recognize that *Blackowiak*'s reasoning is flawed and to thus reject its holding.  Plaintiff cites several Minnesota Court of Appeals decisions that appear to criticize *Blackowiak* for its conclusion that injury is implicit in the act of sexual abuse.  *See Bertram v. Poole*, 597 N.W.2d 309, 314 (Minn. Ct. App. 1999); *Dymit v. Ind. Sch. Dist. No. 717*, No. A04-471, 2004 WL 2857375, *4 (Minn. Ct. App. Dec. 14, 2004).  Essentially, Plaintiff suggests that this Court should follow Justice Gardebring's dissent in *Blackowiak*, in which she interpreted the plain meaning of the delayed discovery statute to require knowledge of causation in order to trigger the six-year limitation period. *See Blackowiak*, 546 N.W.2d at 4 (Gardebring, J., dissenting).

In applying Minnesota law, however, the Court is "bound by the decisions of the state's highest court." *Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 534 (8th Cir. 2006). And, as interpreted by the Minnesota Supreme Court, the delayed discovery statute currently in force requires a plaintiff to bring his or her claims within six years of the abuse or, in cases of childhood sexual abuse, within six years of reaching the age of majority. *See D.M.S.*, 645 N.W.2d at 389. In this case, Plaintiff turned eighteen in approximately 1969. Assuming his cause of action accrued no later than 1970 (the year the abuse ceased and at which time Plaintiff was approximately nineteen years old), under the current statutory framework, Plaintiff was required to file suit no later than 1976. Plaintiff, however, failed to initiate suit until 2011—approximately thirty-five years after the expiration of the limitation period. Plaintiff's action is thus barred by the statute of limitations.

## III. Fraudulent Concealment

Plaintiff further argues that, because the Abbey fraudulently concealed the abusive behavior of several of its priests, the statutory limitation period in this case did not begin to run until October 2010, when Plaintiff discovered his claims against the Abbey. A defendant's fraudulent concealment tolls the statute of limitations until the plaintiff discovers or has reasonable opportunity to discover the concealed facts. *See Hydra-Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 918 (Minn. 1990). Fraudulent concealment consists of an intentional and affirmative concealment of the facts which establish the cause of action. *Id.* In order to toll the limitation period on the grounds of fraudulent concealment, Plaintiff must establish the following three elements: "(1) Defendant['s]

concealment of Plaintiff['s] cause of action, (2) failure by Plaintiff[] to discover the existence of [his] cause of action, and (3) due diligence by Plaintiff[] in attempting to discover the claim." *In re Milk Products Antitrust Litig.*, 84 F. Supp. 2d 1016, 1022 (D. Minn. 1997). Failure to allege any one element is fatal to Plaintiff's claims. *Id.* Because Plaintiff has failed to sufficiently plead the first and third elements of fraudulent concealment, his allegation of fraudulent concealment on the part of the Abbey is insufficient to toll the limitation period.

Plaintiff has neither demonstrated nor pled any diligence on his part to attempt to discover his claims against the Abbey. In his declaration, Plaintiff states that, in October 2010, he "became curious as to what became of" Abbot Kelly, performed an internet search, discovered that Abbot Kelly had passed away, and was thus led to information about the Abbey's role in concealing the sexual abuses of its priests. (Pl. Decl. ¶ 12.) Nowhere else (including the Complaint) does Plaintiff describe having made any effort to discover his claims. There is no basis upon which to determine that Plaintiff's claims against the Abbey could not have reasonably been discovered at the conclusion of the alleged abuse, after Plaintiff had reached the age of majority. The Court finds that Plaintiff did not exercise due diligence in attempting to discover his claims.

Moreover, Plaintiff's allegation of Defendant's fraudulent concealment of his causes of action fails to satisfy the pleading requirements of Rule 9(b). Rule 9(b) requires "averments of fraud" in a complaint to be stated with particularity, including "the time, place, and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *In re Milk Products*

7

*Antitrust Litig.*, 84 F. Supp. 2d at 1022 (internal quotations omitted). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Drobnak v. Anderson Corp.*, 561 F.3d 778, 783 (8th Cir. 2009). While Plaintiff's Complaint is replete with allegations about the Abbey's concealment of the history of sexual abuse of several of its other priests, nowhere does Plaintiff state, with any particularity, facts relating to the Abbey's fraudulent concealment of Abbot Kelly's actions. At no point does Plaintiff allege the time, place, or even particular content of any alleged false representation by the Abbey with respect to Abbot Kelly. Instead, Plaintiff recites factual allegations that relate to perpetrators *other* than Abbot Kelly and victims *other* than Plaintiff. Plaintiff appears to allege that, because the Abbey has fraudulently concealed the sexual improprieties of various other priests, it must have also done so with respect to Abbot Kelly. Such conclusory allegations do not raise a right to relief above the speculative level, do not meet the particularity requirement of Rule 9(b), and are thus insufficient to satisfy the rule. By failing to plead any particular facts relating to the Abbey's fraudulent concealment of a history of abuse by Abbot Kelly, or any facts that suggest that Plaintiff diligently attempted to discover his claims, Plaintiff has failed to show that fraudulent concealment on the part of the Abbey requires the tolling of the limitation period here.

## CONCLUSION

Assuming the applicability of the six-year period of limitation now in effect, the Court concludes that Plaintiff was required to file suit against the Abbey no later than 1976. *See* Minn. Stat. § 541.073. Plaintiff has failed to demonstrate that the limitation

8

period should be tolled as a result of fraudulent concealment.  For the foregoing reasons, the Court finds that Plaintiff's claims are barred by the statute of limitations and are therefore properly dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. No. [10]) is **GRANTED**.

2 Plaintiff's Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 22, 2011                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             United States District Judge